UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK JEROME DUCRE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5006** |
| **BENJAMIN M. GODWIN** | **SECTION "N" (4)** |

## REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915(e)(2), and 1915A**, and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.  Factual Background

The plaintiff, Patrick Jerome Ducre ("Ducre"), a state prisoner incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against St. Tammany Parish Deputy Benjamin M. Godwin. In this lawsuit, Ducre seeks a determination that he has been wrongly convicted of two drug offenses based on Godwin's false testimony. He also alleges that the initial traffic stop which led to his arrest

resulted from racial profiling and that his parole was wrongly revoked based on his most recent convictions.

**II.     Standards of Review**

When a prisoner files an *in forma pauperis* civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

### III.  Analysis

Ducre's complaint invokes the Court's jurisdiction under 42 U.S.C. § 1983.  Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory."  42 U.S.C. § 1983.

The United States Supreme Court, however, has limited the availability of Section 1983 actions for prisoners in certain instances.  Of relevance here, the Supreme Court has stated that a Section 1983 plaintiff may not recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, until such time as his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).  Under *Heck*, a plaintiff's federal claim for damages is therefore barred as premature if a judgment in his favor on the claim would "necessarily imply" the invalidity of his state conviction or confinement. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996).  *Heck* has been extended to also bar claims for declaratory and injunctive relief.  *See, e.g., Walton v. Parish of LaSalle*, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); *Collins v. Ainsworth*, 177 Fed. App'x 377, 379 (5th Cir. 2005); *Shaw v. Harris*, 116 Fed. App'x 499, 500 (5th Cir. 2004).  Claims barred by *Heck* are legally frivolous.  *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996).

In the instant case, it is alleged that Deputy Godwin gave false testimony at trial and, as a result, Ducre was wrongly convicted of two drug offenses.  If those allegations from the complaint

were found to be true and judgment were rendered in Ducre's favor in this lawsuit, that judgment would necessarily imply that his state convictions and his resulting confinement are improper. Because Ducre cannot show that his convictions or sentences have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, his claims are therefore currently barred by *Heck*. Accordingly, Ducre's federal claim should therefore be dismissed with prejudice until such time as the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).[1]

## IV. Recommendation

It is therefore **RECOMMENDED** that Patrick Jerome Ducre's claim against Benjamin M. Godwin be **DISMISSED WITH PREJUDICE** to its being asserted again until the *Heck* conditions are met.

---

[1] Out of an abundance of caution, the court further notes that if the complaint is construed as asserting a distinct racial-profiling claim based on the underlying traffic stop on April 17, 2007, that claim would fail for the following reasons.

First, a racial-profiling claim would likewise be barred by *Heck*. *See, e.g.*, *Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety-Division of State Police*, 411 F.3d 427, 440-41 (3rd Cir. 2005).

Second, even if *Heck* were inapplicable, it appears that a racial-profiling claim would still be subject to dismissal as prescribed. "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); *see also Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Smith v. Orleans Parish Prison*, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008); La. Civ. Code Ann. art. 3492. "Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Price v. City of San Antonio, Texas*, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted); *see also Smith*, 2008 WL 2951279, at *1. Therefore, Ducre's racial-profiling claim accrued in April of 2007. *See Clarke v. New Jersey State Police*, Civ. Action No. 03-3240, 2007 WL 4554254, at *6-7 (D.N.J. Dec. 20, 2007). However, Ducre's federal complaint was filed no earlier than the date on which it was signed, November 6, 2008. *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995) (a prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court); *Morris v. Fulbruge*, Civ. Action No. 07-5429, 2008 WL 4059069, at *3 (E.D. La. May 27, 2008) (date of signing considered the filing date because that it was the earliest date the complaint could have been given to prison officials for mailing). Accordingly, because the complaint was apparently filed more than one year after the racial-profiling claim accrued, it appears that the claim would be prescribed. A complaint asserting prescribed claims is properly dismissed as frivolous. *See, e.g., Brown v. Pool*, 79 Fed. App'x 15, 17 (5th Cir. 2003); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Smith*, 2008 WL 2951279, at *2; *Francis v. United States*, Civ. Action No. 07-1991, 2007 WL 2332322 (E.D. La. Aug. 13, 2007).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 19th day of December, 2008

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**